**In re: Michael R. CASEY, Appellant.**

No. 07–2698.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) April 10, 2008.

Filed: April 18, 2008.

Michael R. Casey, Upper Saddle River, NJ, pro se.

Before: SLOVITER, BARRY and GREENBERG, Circuit Judges.

## OPINION

PER CURIAM.

Michael R. Casey appeals *pro se* from the District Court's order affirming the Bankruptcy Court's dismissal of his bankruptcy petition. We will affirm as well.

## I.

Casey filed an individual Chapter 7 bankruptcy petition. Early in the bankruptcy, the trustee moved to dismiss Casey's petition under 11 U.S.C. § 521(e)(2)(B) because Casey had failed to provide him with a copy of his most-recently-filed tax return as required by § 521(e)(2)(A)(i). The Bankruptcy Court held a hearing (which has not been transcribed) on June 13, 2006. That same day, it entered a summary order granting the trustee's motion and dismissing Casey's petition. Casey appealed to the District Court, which affirmed by order entered May 3, 2007, 2007 WL 1301005. Casey now appeals to this Court.[1]

---

1. We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291. "We review the Bankruptcy Court's findings of fact for clear error, and we exercise plenary review over its conclusions of law." *In re Fleming Cos.*, 499 F.3d 300, 304 (3d Cir.2007).

## II.

This appeal involves an obligation imposed on certain debtors by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109–8, 119 Stat. 54. Individual Chapter 7 debtors, like Casey here, are required to submit to the trustee a copy of their most-recently-filed tax return (or a transcript thereof) "not less than 7 days before the date first set for the first meeting of creditors." 11 U.S.C. § 521(e)(2)(A)(i). If a debtor fails to comply with that obligation, "the court *shall* dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor." 11 U.S.C. § 521(e)(2)(B) (emphasis added). The statute speaks in mandatory terms and requires dismissal unless the debtor makes that demonstration.

Casey's first meeting of creditors was first set for May 22, 2006. Casey was thus obligated to provide a copy of his most-recently-filed tax return to the trustee by May 15. Although the trustee notified Casey of this requirement, Casey did not submit anything to the trustee by that date. The trustee, citing the statute's mandatory penalty of dismissal, filed his motion to dismiss on May 19. Casey later mailed the trustee a copy of his 2004 Federal income tax return with a letter explaining that his 2005 return was under extension and not yet due to be filed. There is no dispute, however, that he failed to submit a copy of his most-recently-filed tax return (i.e., his 2004 return) within the time required by § 521(e)(2)(A)(i).

Thus, the question is whether Casey's failure to do so was due to circumstances beyond his control. The Bankruptcy Court must have rejected Casey's arguments that it was, but we are prevented from reviewing its reasoning directly by Casey's failure to obtain a transcript of the hearing. Nevertheless, it is clear to us, as it was to the District Court, that the circumstances on which Casey relies on appeal are legally insufficient.

Casey argues that § 521(e)(2)(A)(i) required him, not to submit his already-filed 2004 tax return by May 15, but to complete, file and then submit his 2005 tax return by that date. He further asserts that he was unable to complete his 2005 tax return by that date because he was suffering from medical problems and otherwise lacked access to the necessary records. Even assuming the truth of these factual assertions, this argument rests on an erroneous legal premise. As the District Court noted, § 521(e)(2)(A)(i) by its terms requires the submission only of an *already-filed* tax return, not the completion, filing and submission of any subsequent return. *See In re Merrill,* 340 B.R. 671, 673 (Bankr.D.N.H.2006).[2]

Thus, the circumstances on which Casey relies did not prevent him from complying with § 521(e)(2)(A)(i)—i.e., from submitting to the trustee a copy of his already-filed 2004 tax return by May 15. Casey asserts no other circumstances that conceivably might qualify. He does not argue that he lacked notice of the scheduling of the first meeting of creditors, that he lacked access to his 2004 tax return before May 15, or that any other circumstance beyond his control prevented him from

---

**2.** Indeed, the filing and submission of subsequent tax returns are governed by other provisions of the statute that are not implicated here. *See* § 521(f)(2) (providing for the submission of copies of returns that are filed while the bankruptcy is pending), 521(j) (establishing a procedure for conversion or dismissal if debtor fails to file returns that become due while the bankruptcy is pending).

submitting it to the trustee by that date. Under § 521(e)(2)(B), the Bankruptcy Court was thus required to dismiss Casey's petition.[3]

Accordingly, we will affirm the judgment of the District Court.

---

**3.** Casey raised arguments in the District Court that he has not raised on appeal. Those arguments, therefore, are waived. Even if they were not, we would reject them for the reasons explained by the District Court. We do not address arguments and assertions contained in Casey's brief that are not relevant to the narrow issue presented on appeal.